No. 25-2161

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHERILL LYNN SMOTHERS,

*Petitioner-Appellant*,

V.

ROB BONTA AND CONTRA COSTA COUNTY SUPERIOR COURT,

*Respondents-Appellees*.

### On Appeal from the United States District Court
### for the Northern District of California
No. 24-cv-04784-RFL
The Honorable Rita F. Lin

### APPELLEES' BRIEF

ROB BONTA
  *Attorney General of California*
JEFFREY M. LAURENCE
  *Senior Assistant Attorney General*
MICHELE J. SWANSON
  *Supervising Deputy Attorney General*
GREGORY A. OTT
  *Deputy Attorney General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3838
Fax: (415) 703-1234
Gregory.Ott@doj.ca.gov
  *Attorneys for Respondents-Appellees*

## TABLE OF CONTENTS

**Page**

Introduction ................................................................................................ 1

Jurisdictional Statement ............................................................................ 1

Statement of Issue ..................................................................................... 1

Statement of the Case ............................................................................... 2

Summary of Argument .............................................................................. 5

Standard of Review .................................................................................... 8

Argument ................................................................................................... 9

    I.     The Court Should Abstain From Considering Smothers's Issue Preclusion Claim ................................................................ 9

    II.    The Doctrine of Issue Preclusion Does Not Prevent the Prosecution From Relying on the Theory That Smothers Was the Actual Killer at Smothers's Retrial .......................... 15

Conclusion ............................................................................................... 37

## TABLE OF AUTHORITIES

**Page**

CASES

*Arevalo v. Hennessy*
   882 F.3d 763 (9th Cir. 2018) ...............................................10, 13

*Ashe v. Swenson*
   397 U.S. 436 (1970)..................................................................*passim*

*Boardman v. Estelle*
   957 F.2d 1523 (9th Cir. 1992) (per curiam) .................................9

*Bobby v. Bies*
   556 U.S. 825 (2009)...............................................16, 19, 21, 36

*Bravo-Fernandez v. United States*
   580 U.S. 5 (2016)....................................................................*passim*

*Burks v. United States*
   437 U.S. 1 (1978)................................................................32

*Canatella v. California*
   404 F.3d 1106 (9th Cir. 2005) .................................................14

*Coleman v. Ahlin*
   542 F. App'x 549 (9th Cir. 2013) ...............................................9

*Columbia Basin Apt. Ass'n v. City of Pasco*
   268 F.3d 791 (9th Cir. 2001) .............................................10, 11

*Currier v. Virginia*
   585 U.S. 493 (2018)...............................................................16

*Dominguez v. Kernan*
   906 F.3d 1127 (9th Cir. 2018) .................................................13

*Drury v. Cox*
   457 F.2d 764 (9th Cir. 1972) (per curiam) .................................13

ii

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Duke v. Gastelo*
64 F.4th 1088 (9th Cir. 2023) ........................................................ 12

*Evans v. Michigan*
568 U.S. 313 (2013) ............................................................... 31, 32

*Green v. City of Tucson*
255 F.3d 1086 (9th Cir. 2001) (en banc) ....................................... 14

*H.C. ex rel. Gordon v. Koppel*
203 F.3d 610 (9th Cir. 2000) ......................................................... 10

*Herrera v. Wyoming*
587 U.S. 329 (2019) ....................................................................... 35

*Kitchens v. Bowen*
825 F.2d 1337 (9th Cir. 1987) ....................................................... 11

*Mannes v. Gillespie*
967 F.2d 1310 (9th Cir. 1992) ....................................................... 14

*Marcus & Millichap Real Estate Inv. Servs. of Nev. v. Chandra*
822 F. App'x 597 (9th Cir. 2020) ................................................... 10

*McElrath v. Georgia*
601 U.S. 87 (2024) ........................................................ 29, 30, 31, 32

*New Hampshire v. Maine*
532 U.S. 742 (2001) ....................................................................... 35

*Ohio Bureau of Emp. Servs. v. Hodory*
431 U.S. 471 (1977) ......................................................................... 9

*Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*
477 U.S. 619 (1986) ......................................................................... 9

*People v. Arnold*
93 Cal. App. 5th 376 (2023) ................................................ 27, 28, 29

iii

# TABLE OF AUTHORITIES
## (continued)

Page

*People v. Santamaria*
   8 Cal. 4th 903 (1994) .................................................................*passim*

*People v. Smothers*
   66 Cal. App. 5th 829 (2021) .................................................2, 3

*Price v. Georgia*
   398 U.S. 323 (1970)..................................................................14

*Reno v. Davis*
   46 F.4th 821 (9th Cir. 2022) ...................................................19

*San Jose Silicon Valley Chamber of Commerce Political Action*
   *Comm. v. City of San Jose*
   546 F.3d 1087 (9th Cir. 2008) .................................................10

*San Remo Hotel v. City & County of San Francisco*
   145 F.3d 1095 (9th Cir. 1998) ............................................10, 11

*Santamaria v. Horsley*
   133 F.3d 1242 (9th Cir. 1998) (en banc) ..........................*passim*

*Schiro v. Farley*
   510 U.S. 222 (1994)..................................................................16

*Sherwood v. Tomkins*
   716 F.2d 632 (9th Cir. 1983) ...................................................13

*Simpson v. Thomas*
   528 F.3d 685 (9th Cir 2008) ....................................................34

*Smith v. United States*
   599 U.S. 236 (2023)..................................................................30

*United States v. Castillo-Basa*
   483 F.3d 890 (9th Cir. 2007) .........................................34, 36, 37

iv

# TABLE OF AUTHORITIES
## (continued)

Page

*United States v. Hernandez*
572 F.2d 218 (9th Cir. 1978) ...................................................37

*United States v. Putra*
78 F.3d 1386 (9th Cir. 1996) ..................................................33

*United States v. Watts*
519 U.S. 148 (1997) (per curiam)..........................17, 31, 32, 33

*Walnut Props., Inc. v. City of Whittier*
861 F.2d 1102 (9th Cir. 1988) ................................................11

*Wiener v. County of San Diego*
23 F.3d 263 (9th Cir. 1994) ...................................................11

*Wilkinson v. Gingrich*
806 F.3d 511 (9th Cir. 2015) ..................................................33

*Wilson v. Belleque*
554 F.3d 816 (9th Cir. 2009) ...............................................8, 33

*Wilson v. Czerniak*
355 F.3d 1151 (9th Cir. 2004) ...............................................14

*Yeager v. United States*
557 U.S. 110 (2009)..............................................................33

*Younger v. Harris*
401 U.S. 37 (1971)...........................................................*passim*

**STATUTES**

28 U.S.C.
§ 2241.............................................................................*passim*
§ 2254.......................................................................... 12, 13

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

California Penal Code
  § 187.................................................................................................2, 3, 15
  § 188....................................................................................................2, 15
  § 189....................................................................................................2, 15
  § 1172.6.....................................................................................................28
  § 12022(b)(1) ....................................................................................2, 15

## INTRODUCTION

Sherill Smothers, a Contra Costa County pretrial detainee, appeals from the denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. Smothers contends that the issue preclusion component of the Double Jeopardy Clause precludes the prosecution from relying, at the retrial of his murder charge, on the theory that Smothers was the actual killer. As the district court and state courts correctly concluded, issue preclusion does not foreclose the prosecution from relying on any particular theory, including that Smothers was the actual killer, at his retrial. The district court judgment should be affirmed.

## JURISDICTIONAL STATEMENT

Respondents-Appellees are satisfied with Smothers's statement of jurisdiction. *See* Fed. R. App. P. 28(b)(1); AOB 1.

## STATEMENT OF ISSUE

"[W]hether appellant has raised a colorable Double Jeopardy claim in the context of *Younger v. Harris*, 401 U.S. 37 (1971), based on the argument that issue preclusion precludes the prosecution in appellant's retrial from relitigating the allegation that appellant was the actual killer."[1] 2-ER-15.

---

[1] Smothers also raises two uncertified issues, which we do not address. *See* Circuit Rule 22-1(f); AOB 2.

1

## STATEMENT OF THE CASE

In 1983, Marsha Carter, twenty-five, was murdered—stabbed to death. 4-ER-376; *see* 4-ER-380-405. Initial investigation of the case was insufficient to support a prosecution. Beginning in 2008, however, DNA evidence collected at Carter's residence was tested and was matched with Smothers, who was dating Carter around the time of her murder. 4-ER-376, 399-400.

In 2016, a Contra Costa County Grand Jury indicted Smothers for Carter's murder, with an enhancement allegation that Smothers had used a knife, a deadly weapon, in committing the offense. 4-ER-376, 380; *see* Cal. Penal Code §§ 187-189, 12022(b)(1). Jury trial was held in 2018. The jury was presented with alternative theories of culpability for the murder: direct perpetrator, aiding and abetting, and an uncharged conspiracy. 4-ER-377; *see* 6-ER-1026-29; 12-ER-2391-94. The jury convicted Smothers of first degree murder, but found the deadly-weapon allegation not true. 4-ER-378, 405. The court sentenced Smothers to twenty-five years to life in prison. 4-ER-407.

In 2021, on direct review, the California Court of Appeal reversed Smothers's judgment, finding that Smothers had been deprived of the effective assistance of trial counsel based on counsel's failure to introduce evidence that DNA found under victim Carter's fingernails was linked to Kevin Sennett. 4-ER-377-79, 416-28; *People v. Smothers*, 66 Cal. App. 5th 829, 835-36, 860-69 (2021) (as

modified).  Contemplating a retrial, the court of appeal also advised on an instructional error claim raised by Smothers.  4-ER-380.

The State petitioned the court of appeal for rehearing.  4-ER-441.  The State did not ask the court of appeal to reconsider its result, but instead to modify its opinion concerning statements the court made that the State believed were inconsistent with California law.  4-ER-441.  In response, the court of appeal modified its opinion to add, at 4-ER-428 following the parenthetical, the following language:  "We further remand the case for retrial at the option of the People.  Our opinion does not foreclose retrial of the Penal Code section 187, subdivision (a) murder charge on a conspiracy theory of liability."  4-ER-438; *People v. Smothers*, 66 Cal. App. 5th at 869.  The court of appeal otherwise denied rehearing.  4-ER-438.  Neither party sought review in the California Supreme Court.

Upon remand to the trial court, Smothers moved to dismiss the case against him in toto on double jeopardy grounds or, in the alternative, to dismiss the weapon use allegation and preclude the prosecution from relying on "any murder theory of liability other than a conspiracy theory with someone other than Keven Sennett or Martin Mayfield."  4-ER-463.  In response, the prosecution agreed that the weapon use allegation should be dismissed, but otherwise opposed the motion. 4-ER-507.  After hearing argument on the motion, the trial court dismissed the

weapon use allegation, and otherwise denied Smothers's motion. 4-ER-533-62, 595-600.

In February 2024, Smothers filed a filed a petition for writ of mandate or prohibition in the California Court of Appeal challenging the trial court's decision. 13-ER-2727. Smothers sought dismissal of the murder charge, and alternatively the same limitations on the prosecution's theories of prosecution, that he argued in the trial court. 13-ER-2727-99. The prosecution filed an opposition to the petition. 13-ER-2802-24. The court of appeal denied the petition summarily. 13-ER-2864.

In May 2024, Smothers filed a petition for review in the California Supreme Court, which that court denied summarily. 14-ER-2866, 2930.

In August 2024, Smothers filed a petition for writ of habeas corpus in the district court, under 28 U.S.C. § 2241. 3-ER-273. Subsequently, the state superior court stayed trial proceedings pending outcome of this case. 2-ER-267. On March 28, 2025, the district court denied the petition and denied a Certificate of Appealability (COA). 1-ER-3-13. Smothers filed a timely notice of appeal. 2-ER-17. This Court subsequently granted a COA on the (certified) issue raised here. 2-ER-15.

4

## SUMMARY OF ARGUMENT

1.  This Court should abstain from considering Smothers's claim under *Younger v. Harris*, 401 U.S. 37.  While Appellees did not raise the issue of abstention in the district court, they did not expressly waive it.  This Court also retains discretion to address abstention sua sponte.

*Younger* abstention is appropriate here.  First, the state prosecution of Smothers was active when he filed the 28 U.S.C. § 2241 petition in the district court, and thus "ongoing" for purposes of *Younger*, despite the fact the state court subsequently stayed the proceedings.  Second, the state prosecution implicates important state interests.  Third, there is an adequate opportunity to raise constitutional challenges in the state court, despite the fact Smothers has exhausted state remedies for his claim.  Last, the requested relief would enjoin the state proceeding in part, insofar as Smothers attempts to foreclose one of the State's theories of prosecution.  All four of the *Younger* considerations are met here.

This Court has previously held that a colorable claim that retrial will violate the Double Jeopardy Clause constitutes an exception to *Younger* abstention.  But the concerns that gave rise to that exception do not exist here.  Smothers does not seek to prevent his retrial or even retrial of a particular charge, but simply one theory of liability on a given charge.  Smothers cites no authority holding that the double jeopardy exception to abstention should apply in such circumstances.

5

Accordingly, should this Court reach the question of abstention, the Court should abstain from addressing Smothers's issue preclusion claim.

2. The issue preclusion component of the Double Jeopardy Clause does not prevent the prosecution in Smothers's murder retrial from relying on the theory that Smothers was the "actual killer." The doctrine of issue preclusion provides that "'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Bravo-Fernandez v. United States*, 580 U.S. 5, 7-8 (2016) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)).

Issue preclusion is not appropriate here for the reasons explained by this Court under nearly identical circumstances in *Santamaria v. Horsley*, 133 F.3d 1242, *amended* 138 F.3d 1280 (9th Cir 1998) (en banc). There, as here, a jury convicted the defendant of murder, but found an accompanying knife-use enhancement not true. On retrial following a reversal on unrelated grounds, the defendant contended that issue preclusion barred the prosecution from relying on the theory that the defendant had used a knife to commit the murder. An en banc panel of this Court held that issue preclusion did not apply.

First, as this Court explained, an acquittal is not a finding of fact on a given point, but simply a failure of proof. *Santamaria*, 133 F.3d at 1246. Thus, the jury's not-true finding on the knife enhancement did not constitute a unanimous

6

finding that the defendant did not use a knife to commit the murder. Second, California allows a jury to convict a defendant for murder without unanimous agreement on a particular theory of culpability, and similarly does not require individual jurors to choose a particular theory of murder beyond a reasonable doubt, so long as each is convinced of guilt. *Id.* Third, the Court explained that under California law, to convict a defendant of murder, the prosecutor is not required to prove beyond a reasonable doubt that the defendant used a knife. As such, while the use of a knife is an "ultimate fact" for purposes of the knife-use enhancement, it is not an ultimate fact for purposes of a murder charge. Consequently, issue preclusion did not prevent the prosecution from relying at retrial on the theory that the defendant used a knife or was otherwise the "actual killer." *Id.* at 1247-48.

*Santamaria* is on point, as the district court found. Like the defendant in *Santamaria*, Smothers was tried on multiple theories of guilt, including that Smothers was the actual killer, that he was an aider and abettor, and that he conspired with one or more other individuals to commit the murder. As in *Santamaria*, Smothers's jury convicted him of murder but found the knife-use enhancement not true, and Smothers claims the not-true finding precludes the prosecution from relying at retrial on the theory that Smothers was the actual killer. For the reasons set forth in *Santamaria*, Smothers's issue preclusion claim fails.

7

Recognizing that *Santamaria* is dispositive, Smothers contends that *Santamaria* is distinguishable on its facts and jury instructions given. Some of his alleged factual and instructional distinctions were raised and rejected in *Santamaria*, however, and none, in any event, impact any part of the court's analysis in that case. Smothers also attempts to impeach *Santamaria* itself, asserting its analysis has been rejected by the Supreme Court in subsequent decisions. Smothers reaches such a conclusion only by misreading such decisions, however. Neither this Court nor the Supreme Court has suggested that *Santamaria* has been questioned, much less disapproved, by subsequent authority. Smothers's attempts to discount *Santamaria* fail.

## STANDARD OF REVIEW

This Court reviews the district court's denial of a 28 U.S.C. § 2241 petition for writ of habeas corpus de novo. *Wilson v. Belleque*, 554 F.3d 816, 828 (9th Cir. 2009). A petition filed pursuant to § 2241 is not reviewed under the deferential standards imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *Wilson*, 554 F.3d at 828. Rather, this Court reviews Smothers's certified claim de novo. *Id*.

8

## ARGUMENT

### I. THE COURT SHOULD ABSTAIN FROM CONSIDERING SMOTHERS'S ISSUE PRECLUSION CLAIM

This Court in its grant of a Certificate of Appealability framed the certified issue as whether Smothers had raised a "colorable Double Jeopardy claim in the context of *Younger v. Harris*, 401 U.S. 37 (1971) . . . ." 2-ER-15. It is unclear to Appellees whether the Court by its language intends to consider abstention. In the event this Court intends to consider the question, Appellees address it.

Appellees admittedly did not raise an abstention argument in the district court, though did not expressly waive it. *Cf. Boardman v. Estelle*, 957 F.2d 1523, 1535 (9th Cir. 1992) (per curiam) ("A state may waive *Younger* only by express statement, not through failure to raise the issue." (citing *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977))). "A state waives *Younger* only where it 'expressly urged [the federal court] to proceed to an adjudication of the constitutional merits.'" *Coleman v. Ahlin*, 542 F. App'x 549, 550 (9th Cir. 2013) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)). Here, Appellees did not expressly waive abstention, but did proceed to answer Smothers's claims on the merits. If answering Smothers's claims on the merits constitutes an "express urging" of the district court to adjudicate the merits, *see id.*, then Appellees have arguably waived abstention. If not, then Appellees have not waived the issue. Even assuming, however, waiver, this Court retains

9

discretion to consider abstention sua sponte on appeal. *See Marcus & Millichap Real Estate Inv. Servs. of Nev. v. Chandra*, 822 F. App'x 597, 599 (9th Cir. 2020); *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000).

For compelling reasons of comity and federalism, the Supreme Court has established a "fundamental policy against federal interference with state criminal prosecutions." *Younger v. Harris*, 401 U.S. 37. This policy, known as the abstention doctrine, may be circumvented only in "extraordinary circumstances." *Id.* at 53. Under this policy, abstention is required if four elements are met: (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity to raise constitutional challenges in the state court; and (4) the requested relief enjoins or has the practical effect of enjoining the ongoing state proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

All four prongs of *Younger* are met here. First, the Alameda County Superior Court case against Smothers was "ongoing" when he filed his federal petition for writ of habeas corpus. *See Columbia Basin Apt. Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th Cir. 2001) ("The first criterion is satisfied because the City's state court suit against the Shaws was pending at the time this suit was filed," despite subsequent stay); *San Remo Hotel v. City & County of San Francisco*, 145 F.3d

10

1095, 1104 (9th Cir. 1998) (same); *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("The critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings.'" (quoting *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987))); 1-ER-266; 13-ER-2945.

We recognize that this Court in *Walnut Props., Inc. v. City of Whittier*, 861 F.2d 1102 (9th Cir. 1988), relied on by Smothers (AOB 13-14), held that a state court proceeding under review was not "ongoing" because the state court had stayed the proceeding pending the outcome of federal review. *Walnut Props*, 861 F.2d at 1107. To the extent an intracircuit split exists on the question of whether a state proceeding that was active when federal review was filed, but was subsequently stayed, is "ongoing" for purposes of *Younger*, we submit the better approach is that taken in *Columbia Basin Apt. Ass'n*, *San Remo Hotel*, *Wiener*, and *Kitchens*, *supra*. As the Court noted in *San Remo Hotel*, "Because the whole point of *Younger* abstention is to stop federal interference with state proceedings, it seems backwards to reject abstention because the state proceedings have been stayed to allow the federal case to proceed. This is exactly the interference that *Younger* abstention is designed to prevent." *San Remo Hotel v. City & County of San Francisco*, 145 F.3d at 1104. Indeed, to reject abstention because the petitioner himself requested, and the state court granted, a stay pending the

outcome of federal proceedings would effectively punish the state court for its courtesy to this Court. *See* 2-ER-267. Smothers's state prosecution proceeding was active when he filed the 28 U.S.C. § 2241 petition in the district court, and for that reason should be deemed ongoing for purposes of *Younger*.

Second, a state criminal prosecution involves important state interests. *See Younger v. Harris*, 401 U.S. at 46. Smothers does not contend otherwise. *See* AOB 13-14.

Third, there is an adequate opportunity to raise constitutional challenges in the state court. Smothers claims there is no such opportunity, as he has already exhausted state remedies, and cites this Court's decision in *Duke v. Gastelo*, 64 F.4th 1088, 1095-96 (9th Cir. 2023), as authority. AOB 14. Smothers misreads *Duke*, however. In *Duke*, the petitioner filed a 28 U.S.C. § 2254 petition challenging his final state court judgment, but simultaneously had a pending state-court postconviction proceeding seeking resentencing under a then-newly enacted state statutory scheme. *Duke*, 64 F.4th at 1091. This Court in *Duke* found that there was not an adequate opportunity to raise constitutional claims in the pending postconviction proceeding, because the state statutory scheme authorizing the postconviction proceeding was strictly limited to questions of state law and did not allow for raising constitutional challenges. *See id.* at 1094-95. *Duke* does not, as Smothers contends, stand for the proposition that there is not an adequate

12

opportunity to raise constitutional claims if state remedies have been exhausted for those claims. Indeed, considering exhaustion is required in 28 U.S.C. § 2241 and § 2254 petitions, *see* 28 U.S.C. § 2254(b)(1)(A); *Dominguez v. Kernan*, 906 F.3d 1127, 1135 n.9 (9th Cir. 2018); *Arevalo v. Hennessy*, 882 F.3d at 765, then under Smothers's rationale, abstention could *never* lie in any federal habeas case properly before a district court. And a petition raising an unexhausted double jeopardy claim would fare no better, as it would be dismissed for failure to exhaust, regardless of abstention. The fact of exhaustion therefore does not impact the question of whether there is an opportunity to raise constitutional claims in the pending state court criminal prosecution. *See Sherwood v. Tomkins*, 716 F.2d 632, 633-34 (9th Cir. 1983); *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). Smothers has exercised one opportunity to raise his claims in state court. And while he has raised his double jeopardy claim in the state court before his retrial, he may, depending on the state of the record following his second trial, attempt to raise his claim anew. The opportunity is there, regardless.

Last, should Smothers be granted relief it would have the effect of enjoining an ongoing state criminal prosecution. Indeed, Smothers seeks to enjoin the State from prosecuting him under the theory that he was a direct perpetrator. And as discussed, his state case was "ongoing" when he filed his federal petition.

13

If, as here, all four of *Younger*'s factors are met, abstention is mandatory. *See Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005); *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir. 2001) (en banc). We recognize, however, that this Court has held that a colorable claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to *Younger* abstention. *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *see* 2-ER-15. For the reasons set forth in Appellees' Argument II, *infra*, Smothers has not set forth a colorable, much less meritorious, claim of a violation of the Double Jeopardy Clause. But the double jeopardy exception should be inapplicable for an additional reason. The principal aim of the Double Jeopardy Clause is preventing the ordeal of "retrial itself, not just a conviction or sentence resulting from that trial." *Wilson v. Czerniak*, 355 F.3d 1151, 1157 (9th Cir. 2004) (citing *Price v. Georgia*, 398 U.S. 323, 331 (1970)). Here, in contrast, Smothers does not seek relief from the "ordeal" of a successive *trial*, or even a successive trial on a particular *charge*. *See Mannes*, 967 F.2d at 1313. Rather, he simply seeks to prevent the State from relying on but one theory of prosecution for a single charge. Such state-trial micromanagement should not be the stuff of pretrial intervention by a federal court. While the Court in *Ashe v. Swenson*, 397 U.S. at 445, found that the principle of collateral estoppel, or issue preclusion, is "embodied" in the Double Jeopardy Clause, the concerns underlying the double jeopardy exception to

14

*Younger* abstention are not present here.  Smothers cites no case holding that abstention should not apply under these circumstances.[2]  Accordingly, should this Court address the question, Appellees submit the Court should abstain from addressing Smothers's claim under *Younger*.

## II. THE DOCTRINE OF ISSUE PRECLUSION DOES NOT PREVENT THE PROSECUTION FROM RELYING ON THE THEORY THAT SMOTHERS WAS THE ACTUAL KILLER AT SMOTHERS'S RETRIAL

At Smothers's original murder trial, the prosecution presented the jury with the alternative theories that Smothers was a direct perpetrator, aided and abetted another perpetrator, and conspired with a perpetrator.  4-ER-377; *see* 6-ER-1026-29; 12-ER-2391-94.  The jury convicted Smothers of murder, but found not-true an accompanying enhancement allegation that Smothers had personally used a knife in the killing.  4-ER-376, 380; *see* Cal. Penal Code §§ 187-189, 12022(b)(1).  Smothers now contends that because the jury in his original trial found the knife-use allegation not true, the issue preclusion component of the Double Jeopardy Clause prevents the prosecution in his retrial from relying on the theory that he was the actual killer.  AOB 16.  The claim lacks merit, as the district court correctly found.  1-ER-9-11.

---

[2] Abstention was not raised by the State in *Santamaria*.  *See* 133 F.3d at 1243-44.

15

The issue preclusion component of the Double Jeopardy Clause dictates that "'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Bravo-Fernandez v. United States*, 580 U.S. at 7-8; *see id.* at 10 (doctrine of issue preclusion "bars relitigation of an issue of fact or law raised and necessarily resolved by a prior judgment"); *cf. Bobby v. Bies*, 556 U.S. 825, 829 (2009) (noting that issue preclusion "bars relitigation of determinations necessary to the ultimate outcome of a prior proceeding"). "To identify what a jury in a previous trial necessarily decided, . . . a court must 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter.'" *Bravo-Fernandez*, 580 U.S. at 12 (quoting *Ashe*, 397 U.S. at 444). "'The burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided' by a prior jury's verdict of acquittal." *Id.* (quoting *Schiro v. Farley*, 510 U.S. 222, 233 (1994) (internal quotation marks omitted)). The test for issue preclusion "is a demanding one" for a defendant to meet.[3] *Currier v. Virginia*, 585 U.S. at 499; *see also Bravo-Fernandez*, 580 U.S. at 10 (cautioning that courts should be "guarded" in their application of issue preclusion in criminal cases).

---

[3] Indeed, four Justices of the current Court would hold that the Double Jeopardy Clause does not embrace issue or evidence preclusion at all in criminal cases. *Currier v. Virginia*, 585 U.S. 493, 503-10 (2018) (plurality).

Smothers's contention that issue preclusion applies here is foreclosed by this Court's decision in *Santamaria v. Horsley*, 133 F.3d 1242. The circumstances of and issue raised in *Santamaria* are virtually identical to those here.

In *Santamaria*, a California jury convicted the defendant of murder and robbery, but found not true an enhancement allegation that he had personally used a knife in the commission of the murder. 133 F.3d at 1244. The state appellate court reversed the murder conviction, however, after finding that an eleven-day continuance during deliberations had prejudiced the defendant. *Id.*

On retrial for the murder charge, the defendant in *Santamaria* moved to preclude the prosecution from relying on the theory that he had used a knife in the commission of the murder. *Santamaria v. Horsley*, 133 F.3d at 1244. The state courts ultimately found that a direct perpetrator theory was not precluded on retrial. *Id.*; *People v. Santamaria*, 8 Cal. 4th 903, 922 (1994). An en banc panel of this Court agreed. *Santamaria*, 133 F.3d 1242.

In *Santamaria*, this Court first explained that an acquittal "is not a finding of any fact," but instead a failure of proof on a given point. 133 F.3d at 1246 (citing *United States v. Watts*, 519 U.S. 148, 155 (1997) (per curiam)). Second, this Court explained that California allows a jury to convict a defendant for murder without unanimous agreement on a particular theory of culpability. *Id.* (citing *People v. Santamaria*, 8 Cal. 4th at 918). Further, "California does not require the individual

17

jurors to choose a particular theory of murder beyond a reasonable doubt, 'so long as each is convinced of guilt.'" *Id.* (quoting *Santamaria*, 8 Cal. 4th at 919). This Court accordingly held that "the jury's determination on the weapon enhancement issue cannot restrict the State to retrying Santamaria solely on an aiding and abetting theory of murder." *Id.* at 1246-47.

The *Santamaria* court next addressed the question whether the State was precluded from retrying the defendant on the theory that he personally used a knife to kill the victim. *Santamaria v. Horsley*, 133 F.3d at 1247. The court explained that the answer to that question depended on whether the use of a knife is "an ultimate fact" for the purposes of a murder conviction under California law. *Id.* Under California law, to convict a defendant of murder, the prosecutor is not required to prove beyond a reasonable doubt that the defendant used a knife. *Id.* The *Santamaria* court thus concluded that while the use of a knife is an "ultimate fact" for purposes of the knife-use enhancement, it is not an ultimate fact for purposes of a murder charge. *Id.*; *accord People v. Santamaria*, 8 Cal. 4th at 922. The court held that the State was not precluded from presenting evidence that the defendant stabbed the victim, and relying on that theory to convict. *Santamaria*, 133 F.3d at 1247.

> [T]he fact that the State failed to prove beyond a reasonable doubt in the first trial that Santamaria used a knife does not therefore mean that the State logically can prove murder *only* by showing that he aided and abetted. The

18

> State's burden under the "either/or" theory is to prove beyond a reasonable doubt that Santamaria used the knife or aided and abetted, but it can meet this burden even if it fails to prove beyond a reasonable doubt that he used the knife and it fails to prove beyond a reasonable doubt that he aided and abetted, so long as the jury is convinced beyond a reasonable doubt that he was culpably involved in the killing.

*Id.* at 1248; *see Reno v. Davis*, 46 F.4th 821, 840 (9th Cir. 2022).

As the district court recognized (1-ER-9), the facts and issues in *Santamaria* are virtually identical to those here. Like the defendant in *Santamaria*, Smothers's jury convicted him on the murder count, but found the enhancement allegation that he personally used a knife not true. Like the defendant in *Santamaria*, Smothers contends this precludes the prosecution from relying, at retrial, on a theory that he was the actual killer. Whether Smothers was the actual killer was neither an "ultimate fact" nor necessarily determined by the jury's guilty verdict on the murder count, however. *See Santamaria v. Horsley*, 133 F.3d at 1247; *People v. Santamaria*, 8 Cal. 4th at 918-19; *see Bobby v. Bies*, 556 U.S. at 834 (issue preclusion bars relitigation of "'an issue of fact or law' that 'is actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment.' If a judgment does not depend on a given determination, relitigation of that determination is not precluded." (Citations omitted)). Accordingly, for the same reasons explained by this Court in *Santamaria v. Horsley*, 133 F.3d 1242, the

19

prosecution here is not precluded at retrial from relying on the theory, and presenting evidence, that Smothers was the actual killer. *See id.*

Recognizing that *Santamaria* is on point against him, Smothers at length attempts to discount and distinguish it. He cites no authority suggesting *Santamaria* has lost its import or relevance, however, and he fails to distinguish it in any material way.

Smothers first cites perceived differences in the evidence against him versus the defendant in *Santamaria*, but the distinctions do nothing to remove his case from the ambit of that case or suggest that *Santamaria*'s holding is confined to the distinctions Smothers cites. *See* AOB 20-26. Here, in brief, there was substantial evidence of Smothers's presence at the time of the murder, including the fact that his blood was found on the victim's nightgown and in the victim's master bathroom sink. *See* 4-ER-399-400. There was also substantial evidence of Smothers's role in planning the murder. *See* 4-ER-382-84, 389-97, 401-04. The blood of a second individual, one Kevin Sennett, was also found, under the fingernails of the victim. 4-ER-381. Such evidence could support any of the three theories of guilt, e.g., that Smothers was the actual killer, with or without Sennett's presence; that Smothers was present and aided and abetted Sennett in the murder; or that Smothers conspired with one or more other individuals to commit the murder. The prosecution did not have to prove Smothers was guilty under any one

20

of the three theories, "so long as the jury [was] convicted beyond a reasonable doubt that he was culpably involved in the killing." *Santamaria v. Horsley*, 133 F.3d at 1248; *see People v. Santamaria*, 8 Cal. 4th at 919-20. Put otherwise, "a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration," which in turn means the question whether Smothers was the actual killer was not actually or necessarily decided by the first jury. *Ashe v. Swenson*, 397 U.S. at 444; *see Bravo-Fernandez v. United States*, 580 U.S. at 10, 12; *Bobby v. Bies*, 556 U.S. at 834.

Smothers also contends that comments by the trial court, prosecutor, and state court of appeal demonstrate that the question of whether he was the actual killer was necessarily resolved in his favor at his original trial. AOB 26-27. As for the trial court comments on the jury's verdict, they were not at all definitive in their language and were made in the context of discussing other issues not relating to double jeopardy, issue preclusion, or the legal sufficiency of the evidence. *See, e.g.*, 4-ER-544 ("likely meant"), 551 ("most consistent with"); 13-ER-2625 ("most consistent with"), 2676 ("most reasonable"). Further, the trial court clarified that it would not purport to make any finding of what Smothers's first jury in fact intended:

> My point . . . is that I would never say what a jury intended by doing anything. The most I would say is that they definitively reached this verdict, like not true on the use enhancement, and their verdicts overall are most consistent

21

with something.  I would be very careful not to say this is what the jury thought or concluded beyond what they said definitively, which is my point of clarification.  I would have said most likely or most consistent, but not this is, in fact, what the jury did.

Anyhow, the record stand—speaks for itself.

4-ER-550-51.

The (first trial) prosecutor's remarks also do not help Smothers.  The fact the prosecutor argued three theories to the jury but principally urged the theory that Smothers was the stabber does not dictate what the jury necessarily found.  *See* AOB 26 (citing 12-ER-2465-67).  And the prosecutor's post-trial comment on how the jury found the evidence was made in the context of discussing another matter and did not purport to be anything beyond that—certainly not a concession that any particular theory or evidence should be precluded on retrial.  *See* 12-ER-2561-62 (opining that the jury "found that he was doing this with at least one other person," and that the "jury obviously believed that he didn't do it, as far as plunging the knife in, as far as—that someone else was used to do this, actually plunge the knife in").  Smothers cites no authority for the proposition that issue preclusion is driven by such comments, untethered to any issue implicating double jeopardy, and amounting to no more than the speaker's post-trial opinion of what probably formed the basis of a jury's decision.

22

Last, concerning the statement by the state court of appeal that the jury found Smothers "not to be the actual killer which is consistent with the evidence" (4-ER-421), it is incorrect for the reasons discussed in this Court's and the California Supreme Court's decisions in *Santamaria*, discussed *supra*. Further, the comment was made in the context of the court's harmlessness analysis of Smothers's ineffective assistance of counsel claim. *See* 4-ER-422-28. The court of appeal simply had no occasion to consider any double jeopardy implications of the jury's decisions. For the same reason, its comment concerning the prejudicial impact of trial counsel's ineffective assistance should not be exploited into a finding or concession of what the jury was required to find or necessarily found for purposes of double jeopardy, including issue preclusion. *See also* 1-ER-10-11 (district court rejecting argument that state court of appeal's comments "guessing what the jury must have been thinking" amounted to judicial acquittal).

Smothers also attempts to distinguish *Santamaria* on what he describes as "critical instructional differences" between the cases. AOB 21. He asserts the jury in *Santamaria* apparently received no instruction on the knife use enhancement, and concludes this gave the reviewing court greater leeway to determine what the jury meant by its not-true finding on that allegation. AOB 21-22 (citing *People v. Santamaria*, 8 Cal. 4th at 948). He gleans the asserted lack of jury instructions not from the California Supreme Court majority opinion, however, but from the

23

California *Court of Appeal* decision that was overturned by the California Supreme Court and appears only as an Appendix, added and relied upon by the *dissent* in the California Supreme Court. *See People v. Santamaria*, 8 Cal. 4th at 929 n.1, 934 nn.3-4 (Mosk, J., dissenting), 948 (Appendix). The point is, neither the California Supreme Court majority in *Santamaria* nor this Court in *Santamaria* found the lack of a knife-use instruction momentous enough to mention, much less factor into their analysis. In any event, the instruction on the knife enhancement here accords with these decisions, because it instructs the jury to return a not true finding if the prosecution has not met its burden. We submit to the extent jury instructions are considered, the more relevant point is that Smothers's jury was instructed on the murder count on *three* theories: direct perpetrator, aiding and abetting, and an uncharged conspiracy. 3-ER-376; 5-ER-1025-28; 11-ER-2390-93. It is not clear from the *Santamaria* opinions whether the defendant's jury in that case was instructed with any theories beyond direct perpetrator and aiding and abetting. The fact Smothers's jury was instructed under three alternative theories presents precisely the context contemplated by *Santamaria*: Under California law, the prosecution's burden is to prove beyond a reasonable doubt that Smothers was the actual killer, an aider and abettor, and/or conspirator, but it can meet this burden even if it fails to prove beyond a reasonable doubt that he was the actual killer, fails to prove beyond a reasonable doubt that he aided and abetted the murder, and

24

fails to prove beyond a reasonable doubt that he conspired to murder, "so long as the jury is convinced beyond a reasonable doubt that he was culpably involved in the killing." *Santamaria v. Horsley*, 133 F.3d at 1248; *see People v. Santamaria*, 8 Cal. 4th at 919 ("Sometimes . . . the jury simply cannot decide beyond a reasonable doubt exactly who did what. There may be a reasonable doubt that the defendant was the direct perpetrator, and a similar doubt that he was the aider and abettor, but no such doubt that he was one or the other.").

Smothers also notes that his jury was instructed that its verdict on the knife use enhancement must be unanimous. AOB 22. As the California Supreme Court explained in rejecting the same point:

> This is correct, but is of far less significance than defendant contends. It shows only that there was a reasonable doubt in the minds of the jurors that defendant specifically used a knife. *It does not show the reverse, that the jury specifically found defendant was an aider and abettor*. Indeed, under the facts of this case, such a finding is most unlikely. The jury may merely have believed, and most likely did believe, that defendant was guilty of murder as either a personal knife user or an aider and abettor but *it may have been uncertain exactly which role defendant played*. That, too, would fully explain, and necessitate, the split verdict.

*People v. Santamaria*, 8 Cal. 4th at 919. As discussed throughout this case, the fact the jury found the prosecution did not meet its burden of proving the knife-use enhancement does not mean it necessarily found Smothers guilty under any

25

particular theory, or that its verdict necessarily excluded any particular theory. *See Santamaria v. Horsley*, 133 F.3d at 1245-46; *Santamaria*, 8 Cal. 4th at 919.

Smothers also points out that the trial court instructed his jury that the evidence showed another person may have been involved in the offense, that the jury was not to speculate about whether that other person would be prosecuted, and that the jury's duty was to determine whether Smothers committed the crime. AOB 22-23; *see* 12-ER-2390. He asserts the instruction would have "obviously and properly pushed the jury in the direction of finding that it was not true" that he used a knife to kill his victim, and that the jury's verdict on the knife use enhancement did not rest on "leniency, compromise, ennui, fatigue, or lack of recollection," but instead because it was instructed that another person may have been involved. AOB 22-23. Smothers attempts to tease far too much from the jury instruction, which speaks for itself. 12-ER-2390. The jury was aware that the DNA of another individual had been found at the scene, with or without the instruction, and the point of the instruction was to focus the jury's attention on Smothers's guilt, regardless of whether another individual may have been involved or charged. Again, the jury's finding on the knife use enhancement amounted to nothing more than the conclusion it had not been proven beyond a reasonable doubt. By simultaneously convicting Smothers of murder, the jury was necessarily certain of Smothers's guilt, but not certain, or not in agreement, on which of the

three proffered theories Smothers's guilt rested. *See Santamaria v. Horsley*, 133 F.3d at 1247-48. The not-true finding and murder conviction are not, in other words, even inconsistent under California law.

Smothers also finds it "significant" that the jury was not instructed that it need not agree on a theory, either as group or individually. AOB 24. So too in *Santamaria*, however. *See Santamaria v. Horsley*, 133 F.3d at 1246. Further, the fact the jury was told it had to be unanimous on guilt, but was not told it had to be unanimous on any subsidiary issue, including theories of responsibility, would reasonably lead (correctly) to the assumption that the unanimity requirement did not apply to such subsidiary issues. And as the court rejoined in rejecting the same point in *Santamaria*, it is Smothers's burden to prove that "'no rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'" *Id.* (quoting *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)). This he fails to do.

Smothers also contends *Santamaria* was misinterpreted by the district court, and has, in light of subsequent caselaw, lost its precedential value. He first asserts that the district court read *Santamaria* too broadly in applying it to his case. He cites *People v. Arnold*, 93 Cal. App. 5th 376 (2023), and extracts a quote from that case that "*Santamaria* does not stretch that far," *id.* at 388, to suggest *Santamaria* should be read more narrowly than the district court believed. *See* AOB 16-17 &

27

n.3. *Arnold*, as a state court of appeal decision, has no precedential value against this Court's, or the California Supreme Court's, decisions in *Santamaria*. Regardless, *Arnold* does not help Smothers. The court in *Arnold* addressed the question whether, in the context of adjudicating a petition for resentencing under California Penal Code section 1172.6, a trial court could find, beyond a reasonable doubt, that the defendant had stabbed the victim to death with a knife, despite the jury's not-true finding on a knife-use enhancement allegation. *Arnold*, 93 Cal. App. 5th at 379-80. *Arnold* did not dilute or narrow the California Supreme Court's decision in *Santamaria*, and thereby have the same effect on this Court's decision in *Santamaria*. *See* AOB 17 n.3 (asserting the California Supreme Court's decision in *Santamaria*, 8 Cal. 4th 903, "essentially mirrors and was adopted by this Court in *Santmaria*"). Rather, *Arnold* simply distinguished *Santamaria*, because *Santamaria*, like this one, involved a materially different context and question from that presented in *Arnold*:

> As the court's holding shows, the issue sought to be precluded in *Santamaria* differs significantly from the issue defendant seeks to preclude here. In this appeal, defendant argues that the prior not true finding on the knife use allegation precludes the trial court from finding, beyond a reasonable doubt, that he stabbed the victim. Conversely, the *Santamaria* defendant tried to preclude the prosecution from retrying him on any theory involving his *potential* use of a knife. (*Santamaria*, *supra*, 8 Cal.4th at p. 920 ["Although defendant claims he merely seeks to preclude the theory that he used the knife, he necessarily is claiming more; he seeks to preclude the theory, and evidence to support the theory, that

28

> he *either* used the knife or aided and abetted the one who did. This, however, is not the issue decided regarding the enhancement allegation"].) In the former scenario, the issue sought to be precluded is identical to the issue the jury decided in its not true finding. In the latter, it is not.

93 Cal. App. 5th at 388.

Smothers next repeatedly asserts that this Court's analysis in *Santamaria* is no longer valid in light of *McElrath v. Georgia*, 601 U.S. 87 (2024). *See* AOB 19, 25, 35. Specifically, he asserts this Court in *Santamaria* "speculate[d] about the meaning of the conviction and acquittal" to reach its decision, and that such alleged speculation is now "prohibited" by *McElrath*, 601 U.S. at 95. AOB 19; *see id.* at 25, 35. Smothers misreads *McElrath*.

In *McElrath*, a homicide case, a Georgia jury had found the defendant "not guilty by reason of insanity" on a malice murder count, but "guilty but mentally ill" on a felony murder count pertaining to the same homicide. *McElrath v. Georgia*, 601 U.S. at 89. The acquittal and conviction verdicts were deemed "repugnant" under Georgia law, meaning they involved "affirmative findings by the jury that are not legally and logically possible of existing simultaneously," and were thus nullified by the state court. *Id.*

On retrial, the defendant in *McElrath* contended that double jeopardy precluded his retrial on the malice murder count as the jury had acquitted him on that count. *McElrath v. Georgia*, 601 U.S. at 89-90. The Supreme Court agreed,

29

holding that "an acquittal is an acquittal notwithstanding its apparent inconsistency with other verdicts that the jury may have rendered." *Id.*; *see id.* at 97; *Bravo-Fernandez v. United States*, 580 U.S. at 7-8. The Court acknowledged that an acquittal may arise from various circumstances not limited to the failure of proof, but explained, "Whatever the basis, the Double Jeopardy Clause prohibits second guessing the reason for a jury's acquittal. As a result, 'the jury holds an unreviewable power to return a verdict of not guilty even for impermissible reasons.'" *McElrath*, 601 U.S. at 94-95 (quoting *Smith v. United States*, 599 U.S. 236, 253 (2023)); *see id.* at 97. The Court concluded that the jury's "verdict of not guilty by reason of insanity on the malice-murder charge was an acquittal for purposes of the Double Jeopardy Clause. The Clause therefore bars retrial of McElrath on that charge." *Id.* at 98.

Contrary to Smothers's assertions (AOB 19, 25, 35), *McElrath* neither impeaches *Santamaria* nor even informs the analysis before this Court. *McElrath* addressed the question of whether an acquittal on a charge (malice murder) precluded retrial on that *same charge*. The Court's statement that a court was not to speculate about the basis for an acquittal was in essence a reiteration of the point that a jury's acquittal on a given count is "inviolate" as to that count, regardless whether it is inconsistent with other counts or reached for impermissible reasons. *See McElrath v. Georgia*, 601 U.S. at 94-95. Indeed, the Court in *McElrath* did

30

not suggest that double jeopardy precluded a retrial of the defendant on the felony-murder count, on which the defendant had been convicted, even though that count concerned the same homicide as that underlying the acquittal. *See McElrath v. Georgia*, 601 U.S. at 98 & n.5. If the prosecution here were attempting to retry the knife-use enhancement against Smothers—the same allegation that the jury in his original trial found not true—then *McElrath* would be instructive. But that is not the case.[4]

Smothers at another point asserts that *McElrath* "emphatically" denounced the principle, stated by this Court in *Santamaria*, "'An acquittal is not a finding of any fact. An acquittal can only be an acknowledgment that the government failed to prove an essential element of the offense beyond a reasonable doubt.'" *Santamaria v. Horsley*, 133 F.3d at 1246 (quoting *United States v. Watts*, 519 U.S. at 155); AOB 34-35. Contrary to Smothers's assertion, however, the Court in *McElrath* defined an acquittal much the same way: "'[O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense.'" *McElrath v. Georgia*, 601 U.S. at 94 (quoting *Evans v. Michigan*, 568 U.S. 313, 318 (2013)); *see also id.* at 94 ("Such a

---

[4] Hence, Smothers's repeated assertions that the not-true finding on the knife-use enhancement "must be given preclusive effect" is misplaced. *E.g.*, AOB 36. That finding has been given preclusive effect on the only count to which it should under *McElrath*: the knife use enhancement, which has been dismissed.

31

verdict reflects 'that the Government has failed to come forward with sufficient proof . . . .'" (quoting *Burks v. United States*, 437 U.S. 1, 10 (1978)); *id.* at 96 ("an acquittal has occurred if the factfinder 'acted on its view that the prosecution had failed to prove its case.'" (quoting *Evans*, 568 U.S. at 325)).

Smothers rejoins that *Santamaria*'s quotation of *Watts*, *supra*, "is not entirely accurate." AOB 36. According to Smothers, *Watts*, if quoted "accurately," suggests that if there are "specific jury findings," then a reviewing court can draw inferences and ascertain the true meaning of a verdict.[5] AOB 36. He asserts that here, we have such "specific jury findings" in the jury's not-true finding on the knife use enhancement. AOB 36. The California Supreme Court rejected this same argument, in the same context, in *Santamaria*. *See People v. Santamaria*, 8 Cal. 4th at 924. As the court there explained, "the jury does not make any special verdict 'regarding the substantive offense.' A combination of theories is sufficient." *Id.* As discussed, the jury's not-true verdict on the knife use enhancement meant no more than that the government had failed to prove that enhancement allegation true beyond a reasonable doubt. *Santamaria v. Horsley*, 133 F.3d at 1246; *Santamaria*, 8 Cal. 4th at 922. It was not a finding of any fact,

---

[5] Smothers's contention appears to conflict with his refrain that a reviewing court may not "speculate" about the meaning of an acquittal. *See* AOB 19, 25 & 35 (asserting *McElrath v. Georgia*, 601 U.S. 87 precludes "speculation" about meaning of jury's verdict).

or the absence of any fact. *Santamaria*, 133 F.3d at 1246; *Santamaria*, 8 Cal. 4th at 922; *see also United States v. Watts*, 519 U.S. at 155 ("We have explained that 'acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt.'" (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984))). The dissent in *United States v. Putra*, 78 F.3d 1386 (9th Cir. 1996), which is the source of the quote in *Watts*, and by turn *Santamaria*, makes that very point. *See Putra*, 78 F.3d at 1394 (Wallace, J., dissenting), *quoted in Watts*, 519 U.S. at 155, *quoted in Santamaria*, 133 F.3d at 1246.

Smothers next contends that *Santamaria*'s ruling that issue preclusion applies only to "ultimate facts" is no longer valid. AOB 39-42; *see Santamaria v. Horsley*, 133 F.3d at 1244-45, 1247. As we understand him, Smothers asserts that the Court in *Yeager v. United States*, 557 U.S. 110 (2009) and other cases abandoned the requirement that issue preclusion apply only to ultimate facts. *See* AOB 39. But *Yeager* itself quoted and employed that requirement, *Yeager*, 557 U.S. at 119 (discussing decision in *Ashe v. Swenson*, 397 U.S. at 443), and the Court has since repeated the requirement, *e.g.*, *Bravo-Fernandez v. United States*, 580 U.S. at 7-8. The Supreme Court has never stated that issue preclusion is no longer limited to ultimate facts. This Court's decisions are consistent. *See*, *e.g.*, *Wilkinson v. Gingrich*, 806 F.3d 511, 516 (9th Cir. 2015); *Wilson v. Belleque*, 554 F.3d at 830;

33

*Simpson v. Thomas*, 528 F.3d 685, 696 (9th Cir 2008). *But see United States v. Castillo-Basa*, 483 F.3d 890, 897 n.4 (9th Cir. 2007) ("The dissent would restrict the application of collateral estoppel to issues of 'ultimate fact.' [Citation to dissent.] Such a restriction is completely without foundation.").[6]

In support of his assertion that issue preclusion is not restricted to ultimate facts, and that *Santamaria* is no longer "controlling," Smothers quotes varied language used by the Supreme Court to explain the application of issue preclusion. AOB 39. We submit such alternative language is just that, and a distinction without a difference.

This Court in *Santamaria* defined an ultimate fact as one that the prosecution was required to prove on the charge at issue—here, the murder charge—in the prior proceeding. *Santamaria v. Horsley*, 133 F.3d at 1247. There, as here, the prosecution was not required under California law to prove that the defendant used a knife to kill the victim or was otherwise the actual killer. *Id.* As such, the prosecution in the retrial was not precluded from presenting evidence that the

---

[6] The *Castillo-Basa* majority's comment that the restriction of issue preclusion to ultimate facts is "completely without foundation" is particularly inexplicable considering it was made in a footnote to a paragraph that discusses and relies upon *Ashe*, which sets forth such limitation. *See Ashe v. Swenson*, 397 U.S. at 443; *Castillo-Basa*, 483 F.3d at 896-97. In any event, the two-Judge decision in *Castillo-Basa* cannot overrule the en banc decision in *Santamaria*, including the latter's restriction of issue preclusion to ultimate facts.

defendant used a knife in the killing or was otherwise a direct perpetrator of the killing. *Id.*

In *Herrera v. Wyoming*, 587 U.S. 329 (2019), relied upon by Smothers (AOB 39), the Court did not discuss ultimate facts, but its restrictions on issue preclusion were no less demanding. The Court there stated that issue preclusion "'foreclos[es] successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'" *Id.* at 342-43 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). Whether Smothers used a knife or was the actual killer—the theory Smothers seeks to foreclose—was neither resolved by nor essential to the jury's not-true finding on the knife enhancement or the guilty verdict on the murder count. *See Herrera*, 587 U.S. at 342-43; *Santamaria v. Horsley*, 133 F.3d at 1247-48; *People v. Santamaria*, 8 Cal. 4th at 917-22. Rather, as discussed, there was no need for the jury or even individual jurors to determine whether Smothers was a direct perpetrator, aider and abettor, or conspirator, so long as each juror believed beyond a reasonable doubt that Smothers was "culpably involved in the killing."[7] *Santamaria*, 133 F.3d at 1248.

---

[7] Smothers asserts in a footnote that this "either/or" theory would allow "at least some jurors to premise guilt on a finding that Smothers was the actual killer even though another jury unanimously found that he was not." AOB 25 n.4. Again, the jury in Smothers's first trial did not unanimously find that he was not

(continued…)

35

Similarly, the Court in *Bobby v. Bies*, 556 U.S. 825, relied upon by Smothers (AOB 39), stated that issue preclusion applies to an issue of fact or law that is "'actually litigated and determined by a valid and final judgment, and . . . is essential to the judgment.' If a judgment does not depend on a given determination, relitigation of that determination is not precluded." *Bobby*, 556 U.S. at 834 (citations omitted). Again, the question of whether Smothers was the actual killer was neither actually determined nor essential to his first judgment even if it was litigated as one alternative theory of guilt. *See id.* Likewise, the first judgment did not "depend" on a determination whether Smothers was an actual killer. *See id.* In sum, whether restricted to "ultimate facts," or facts actually litigated and essential to the prior judgment, the substance and result of the inquiry is the same here.[8]

---

the actual killer. It found nothing more than that the prosecution had failed to prove beyond a reasonable doubt that Smothers used a knife during the murder. *Santamaria v. Horsley*, 133 F.3d at 1248. In convicting Smothers of murder, the jurors unanimously believed beyond a reasonable doubt that he was guilty of first degree murder, even if they could not decide, beyond a reasonable doubt, "who did what," *People v. Santamaria*, 8 Cal. 4th at 919, or put otherwise, on which of three theories their verdict rested. *See Santamaria*, 133 F.3d at 1248. For the same reasons, the theoretical possibility that the jury in Smothers's second trial could convict him on the theory that he was the actual killer is not contrary to the jury's verdict in the original trial. *See id.* at 1247-48.

[8] Smothers's claim fails even under the standard articulated in *United States v. Castillo-Basa*, which expressly rejected the relevance of "ultimate facts," 483 F.3d at 897 n.4. There, the court stated that issue preclusion applies where an issue of fact is "actually litigated and determined by a final and valid judgment, and the

(continued…)

In summary, this Court's en banc decision in *Santamaria v. Horsley*, 133 F.3d 1242 is on point and compels rejection of Smothers's claim that the prosecution is precluded from relying at retrial on a theory that he was an actual killer. He cites no authority for his overarching contention that *Santamaria* is no longer on solid footing or otherwise not binding here, and his contentions that subsequent Supreme Court caselaw has impeached *Santamaria*'s reasoning are meritless.

## CONCLUSION

Accordingly, Respondents-Appellees respectfully request that the district court judgment be affirmed.

Dated: May 6, 2026

Respectfully submitted,

*s/Gregory A. Ott*

ROB BONTA
  *Attorney General of California*
JEFFREY M. LAURENCE
  *Senior Assistant Attorney General*
MICHELE J. SWANSON
  *Supervising Deputy Attorney General*
GREGORY A. OTT
  *Deputy Attorney General*

---

determination is essential to the judgment . . . .'"" *Id.* at 897 (quoting *United States v. Hernandez*, 572 F.2d 218, 220 (9th Cir. 1978)); *cf. id.* at 897 n.4 ("An 'ultimate fact' is simply '[a] fact essential to the claim or the defense.'" (quoting *Black's Law Dictionary* 629 (8th ed. 2004))). As discussed, the question whether Smothers was "the actual killer" was not determined by or essential to the jury's verdict in the first trial.

## STATEMENT OF RELATED CASES

The State is not aware of any related cases, as defined by Ninth Circuit Rule 28-2.6, that are currently pending in this Court and are not already consolidated here.

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-2161

I am the attorney or self-represented party.

**This brief contains** 8,570 **words, including** 0 **words** manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated _____.

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/ Gregory A. Ott **Date** 5/6/2026

*(use "s/[typed name]" to sign electronically-filed documents)*

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*